UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JERRY GLENN GREEN, )
   T/N JERRY GLENN GREENE[1] )
)
v. ) No.   4:10-cv-15; 4:05-cr-15
) *Judge Edgar*
UNITED STATES OF AMERICA )

## **MEMORANDUM AND ORDER**

Jerry Glenn Greene ("Greene") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No.113).[2] Three motions are presently pending before the Court: (1) Plaintiff's motion to amend his § 2255 motion (Criminal Court File No. 119); (2) Plaintiff's motion to recuse the Judge pursuant to 28 U.S.C. § 455 (Criminal Court File No. 120); and (2) the government's motion requesting a sixty-day extension of time in which to file a response to Greene's § 2255 motion (Criminal Court File No. 122). Each motion will be discussed separately.

**I.**    **Motion to Amend**

Greene has filed a motion to amend his § 2255 motion prior to the expiration of the one-year statute of limitations applicable to § 2255 cases and prior to the government filing a response (Criminal Court File No. 119). Accordingly, the motion to amend is **GRANTED** (Criminal Court File No. 119). The Clerk is **DIRECTED** to send Greene a § 2255 form motion so that he may amend his original § 2255 motion, which will supersede the original motion and his original proposed amendment (rendering the original documents of no legal effect). Greene **SHALL** label

---

[1]    T/N means true name. The Court will use movant's true name in its Orders.

[2]    Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

the new § 2255 form motion as an amended § 2255 motion, which shall include the claims he raised in his original § 2255 motion and amendment. Greene is **DIRECTED** to complete and file an amended § 2255 motion and any supplemental memorandum in support of his § 2255 motion, within **thirty (30) days** from the date of this Order. The Court reminds Greene he is required to send a copy of the amended § 2255 motion to the government. Failure to file the amended § 2255 with the Court within the **thirty (30) day** time period may result in the dismissal of this action.

## II. Motion to Recuse

In this motion, Greene claims he has filed an amendment to his pending § 2255 motion in which he claims the Court lacked jurisdiction to convict or imprison him (Criminal Court File No. 120). Although difficult to decipher, Greene is apparently arguing his motion to amend his § 2255 motion puts the District Judge on notice that he lacks any authority to exercise jurisdiction over this matter and he will be subject to liability if he exercises jurisdiction in this case. Thus, argues Greene, the District Judge's possible liability creates a conflict of interest. Specifically, Greene makes the following claim:

> United States District Judge R. Allan Edgar, will be liable if he continues to rule incorrectly in petitioner's jurisdictional challenge, his possible liability creates a conflict of interest that prevents Judge Edgar from impartially hearing or determining the merits of petitioner's § 2255 motion, especially petitioner's jurisdictional challenge. Therefore, petitioner respectfully request that United States District Judge R. Allan Edgar recuse himself, and to assign a different and impartial district judge to rule upon the merits of petitioner's § 2255 motion.

(Criminal Court File No. 120).

Greene has failed to alleged any grounds for recusal or disqualification. It has long been the law of this circuit that a judge need not recuse himself based on the "subjective view of a party" no matter how strongly that view is held. *United States v. Sammons*, 918 F.2d 592, 599, (6th Cir.

2

1990), *cert. denied*, 510 U.S. 841 (1993) (citing *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)).

Moreover, recusal is not required because a Judge has ruled against a defendant on his jurisdictional challenges. *See United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) ("A judge's view on legal issues may not serve as the basis for motions to disqualify." (internal quotation marks and citations omitted). *Liteky v. United States*, 510 U.S. 540, 548-550 (1994), establishes two guiding principles: First, judicial rulings alone almost never constitute valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In and of themselves (apart from surrounding comments or accompanying opinion), judicial rulings cannot possibly show reliance upon an extrajudicial source and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. Judicial rulings are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

When these principles are applied in the present case, the Court concludes Greene has failed to state any grounds for recusal and disqualification of the undersigned District Judge. Moreover, the record shows that the undersigned District Judge has not displayed a deep-seated favoritism or antagonism to either party in this action which would make a fair, impartial judgment impossible. *Dial v. Murphy*, 54 F.3d 776 (6th Cir. 1995), *available at* 1995 WL 293888, at *2.

After reviewing the record and the applicable law, the Court concludes that the motion to recuse the undersigned district judge is frivolous, devoid of merit, and, therefore is **DENIED** (Criminal Court File No. 120).

III.     **Motion for Extension of Time**

In the government's motion requesting an extension of time in which to file a response to Greene's § 2255 motion, a sixty-day extension is requested to permit counsel to file a thorough response (Criminal Court File No. 122). Because counsel was out of the country for two weeks and due to significant responsibilities in addition to a pre-existing caseload, counsel requests the extra time to prepare an adequate response. In addition, the Court observes that the granting of Greene's motion to amend his § 2255 motion also requires an extension of time to permit the government to file a response to the amendment. Accordingly, for good cause shown, the government's motion requesting an extension of time in which to file a response is **GRANTED** (Criminal Court File No. 122). The government **SHALL** file a response to Greene's § 2255 motion and amendment on or before **Monday, August 9, 2010**.

SO ORDERED.

ENTER this the 10th day of June, 2010.

                                      */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE